**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5026-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.B.,

     Defendant-Appellant.

_____

              Submitted March 25, 2019 – Decided April 4, 2019

              Before Judges Sabatino and Haas.

              On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 06-08-1277.

              R.B., appellant pro se.

              Esther Suarez, Hudson County Prosecutor, attorney for respondent (Alanna M. Jereb, Assistant Prosecutor, on the brief).

PER CURIAM

     Defendant R.B. appeals from the May 31, 2017 Law Division order denying his second petition for post-conviction relief (PCR).  We affirm.

The parties are fully familiar with the procedural history and facts surrounding defendant's convictions for first-degree kidnapping, N.J.S.A. 2C:13-1(b); and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7), which is set forth in detail in our opinion denying defendant's first petition for PCR. State v. R.B., No. A-0172-14 (App. Div. July 20, 2016), certif. denied, 228 N.J. 62 (2016). Therefore, we will not repeat that discussion here.

In his second PCR petition, defendant alleged that during his first and second trials, the State committed a "Brady[1] violation" by failing to disclose a complaint against defendant's wife, who was the victim of the kidnapping and assault involved in this matter, that the Division of Child Protection and Permanency (Division) filed in November 2014, long after those trials were completed.[2] The complaint also named defendant as a party-defendant because he was the father of one of the victim's children.

In the complaint, the Division sought to assume care and custody of all three of the victim's children. In setting forth the facts underlying its claims, the

---

[1] A "Brady violation" occurs when the prosecution fails to produce exculpatory evidence in its possession or under its control. Brady v. Maryland, 373 U.S. 83, 87 (1963).

[2] The first trial was held in 2007, and the second was completed in 2010. R.B., (slip op. at 1-2).

Division recounted its involvement with the family prior to defendant's violent attack on the victim. The complaint was also based upon the victim's alleged actions following defendant's conviction.

Defendant argued that had he known the victim was the subject of a Division investigation, and that the Division alleged she used drugs and committed domestic violence against him in the years prior to his conviction, he and his trial attorney could have used this information to challenge the victim's credibility on cross-examination. Because he was deprived of this "newly discovered evidence," defendant asserted that he was entitled to a new trial.

Defendant also alleged that the attorney who represented him on his first PCR petition provided ineffective legal assistance to him because he failed to conduct a proper investigation, as evidenced by his failure to uncover the information concerning the victim that was set forth in the Division's November 2014 complaint.

In a written decision rendered on May 31, 2017, Judge Sheila Venable rejected these contentions, and denied defendant's second petition for PCR. The judge found that defendant was fully aware of the allegations against the victim because he was married to her, and was also directly involved with the Division as a subject of its investigation during the period leading up to his attack upon

A-5026-16T4

her. Indeed, defendant's attorney at his first trial attempted to cross-examine the victim concerning her use of drugs, alleged acts of domestic violence, and involvement with the Division.[3] Thus, this information was certainly not "newly discovered."

The judge also found that defendant's complaints about his PCR attorney were unfounded. The judge noted that the attorney submitted an eighty-four-page brief in support of defendant's petition, and had effectively presented defendant's contentions to the court. This appeal followed.

On appeal, defendant presents the following contentions:

POINT ONE

THE PCR COURT'S DENIAL OF DEFENDANT'S SECOND PETITION FOR [PCR] WAS ERROR AS GOOD CAUSE WAS SHOWN AND THE FACTUAL PREDICATE FOR THE RELIEF SOUGHT COULD NOT HAVE BEEN DISCOVERED EARLIER THROUGH REASONABLE DILIGENCE DUE TO THE STATE'S FAILURE TO DISCLOSE AND THE INEFFECTIVE ASSISTANCE OF PCR COUNSEL FOR FAILURE TO INVESTIGATE.

POINT TWO

THE PCR COURT FAILED TO REVIEW NEWLY DISCOVERED EVIDENCE AS A BRADY

---

[3] The trial judge sustained the State's objection to this line of questioning, after concluding that the Division's investigation was a "collateral issue" that was irrelevant to the kidnapping and assault charges pending against defendant.

VIOLATION, AND RELIED ON A MISREPRESENTATION OF THE FACTS BY THE STATE INSTEAD OF GRANTING REQUESTED EVIDENTUARY [SIC] REVIEW TO CLEARIFY [SIC] THE RECORD.

A. The State Purposely Withheld Information Contained In The Newly Discovered [Division] Document Resulting In A Clear Brady Violation Preventing [Defendant's] Attorney From Impeaching The Primary State's Witness Testimony At Trial.

B. Another Example Of The State Withholding Evidence And The [Trial] Court Refusing To Hear Argument About The Personal Letters Sent to [Defendant] By [The Victim] That Were In Possession Of The State And A Clear Brady Violation Because The State Refused To Give Them To The Defense, As The Letters Were Proof Of [The Victim's] Mental Instability And Bolsters The Newly Discovered [Division] Statement.

POINT THREE

THE PCR COURT FAILED TO REVIEW CLAIMS WITHIN [DEFENDANT'S] PETITION WAS PLAIN ERROR AND DENIED [DEFENDANT] HIS CONSTITUTIONAL RIGHT TO CROSS-EXAMINE THE STATE'S ONLY WITNESS PERTAINING TO THE ADMITTANCE OF TESTIMONY GEARED TOWARD MENTAL HEALTH ISSUES, PAST FIGHTING, DOMESTIC VIOLENCE ACTS, AND VIOLATED THE CONFRONTATION CLAUSE GUARANTEED IN THE SIXTH AMENDMENT.

5

A.   The Trial Court Infringed On [Defendant's] Sixth Amendment Right Of Confrontation And To Cross-Examine The State's Only Witness By Ruling All Evidence Collateral.

B.   Alternatively, If This Court Were To Deny [Defendant's] Clear <u>Brady</u> Violations By The State Then [Defendant's] Constitutional Right To Effective Assistance Of Second Trial And PCR Counsel Was Violated [Where] The Assigned Public Defender Failed To Adequately Protect [Defendant's] Rights By Failing To Investigate The Probative Values Of Information Contained Herein The Newly Discovered [Division] Document.

Having considered defendant's contentions in light of the record and the applicable law, we conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Venable in her thoughtful written decision, and add the following brief comments.

Contrary to defendant's contention, the State did not commit a <u>Brady</u> violation in this matter. As noted above, the State must turn over exculpatory material in its possession or under its control to the defense. <u>Brady</u>, 373 U.S. at 87. Here, the Division's complaint was not filed until November 2014 and, therefore, was obviously not in the State's possession or control at the time of either of defendant's trials. In addition, defendant failed to establish that the

6

State was privy to any of the information the Division assembled as part of its separate, and completely unrelated, investigation of defendant and his family. Therefore, the judge properly rejected defendant's contention on this point.

Judge Venable also correctly determined that the information set forth in the complaint as it related to the victim's involvement with the Division prior to the trials was not "newly discovered." To secure a new trial based upon newly discovered evidence, a "defendant must show that the evidence is 1) material, and not 'merely' cumulative, impeaching, or contradictory; 2) that the evidence was discovered after completion of the trial and was 'not discoverable by reasonable diligence beforehand'; and 3) that the evidence 'would probably change the jury's verdict if a new trial were granted.'" State v. Ways, 180 N.J. 171, 187 (2004) (quoting State v. Carter, 85 N.J. 300, 314 (1981)). All three prongs of the test must be established. Ibid.

Here, the record demonstrates that defendant, who was himself a subject of the Division's investigation, and his defense team were aware that the Division had investigated the victim, and was concerned that she was using drugs and fighting with defendant. Indeed, defendant's attorney in the first trial attempted to cross-examine the victim using this information. However, the judge in that proceeding ruled that this information was not material to the

criminal charges defendant was facing, and barred its entry at trial. Defendant did not challenge that ruling on direct appeal, and did not attempt to refer to the Division's allegations in the second trial.

Defendant failed to demonstrate that this information would have changed the jury's determination that he was guilty of the violent offenses involved in this matter. Because defendant had been aware of the investigation for years, and the Division matter was not material to the criminal proceedings, defendant's first PCR attorney did not need to conduct an investigation into the Division's allegations. Thus, the judge did not abuse her discretion by denying defendant's PCR petition. State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION